UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
TERRY VITULLI

                                                    MEMORANDUM AND ORDER


                      Plaintiff,                    CV 05-5136 (LDW)
          -against-

THE PRUDENTIAL INSURANCE
COMPANY

                      Defendants.
------------------------------------------------------X

APPEARANCES:

          FRANKEL & NEWFIELD, P.C.
          Attorneys for Plaintiff
          585 Stewart Avenue
          Garden City, N.Y. 11530

          WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
          Attorneys for Defendant
          3 Gannett Drive
          White Plains, N.Y. 10604

WEXLER, District Judge

          Presently before the court is the objection of Plaintiff to a discovery ruling of Magistrate

Judge Michael Orenstein, dated March 17, 2006 regarding Plaintiff's request to conduct expert

discovery. The Magistrate Judge ruled that the request for discovery on the issue of a conflict of

interest that may have influenced the claim handling is denied.

          Pursuant to Rule 72 of the Federal Rules of Civil Procedure this court shall modify or set

aside any part of the order appealed from that is "clearly erroneous or contrary to law." FRCP

72(a).

The court has the authority to limit discovery in order to expedite adjudication. In order to expand discovery and go outside the administrative record the plaintiff must show that there is good cause. "A conflict of interest does not *per se* constitute 'good cause' to consider evidence outside the administrative record" DeFelice v. American Internat'l. Life Assurance Co. of N.Y., 112 F.3d 61 (2d Cir. 1997)' see also  Anderson v. Sotheby's Inc., 2005 WL 1412965 *2 (S.D.N.Y. June 13, 2005).  In setting forth her assertion that there was a  conflict of interest that influenced the claim handling, making further discovery necessary, the plaintiff failed to show there was a reasonable chance that discovery would likely result in some finding that the claim was influenced by a conflict of interest.  The plaintiff did not provide adequate evidence to show her case was distinguishable from those cases in which the denial of discovery was upheld.

It is likely that the information relied upon by the decision makers, with regards to the claim handling, will be reflected in the administrative record.  Discovery therefore being limited to the administrative record is not likely to hamper the plaintiff's ability to properly develop her case.

This court has reviewed Plaintiff's objections and the order of Magistrate Judge Orenstein and concludes that the order appealed from should be affirmed.  Accordingly, Plaintiff's objections are hereby overruled and the Order of Magistrate Judge Orenstein is affirmed.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
July 20, 2006